WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Plaintiff Eric Duarte*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC DUARTE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NEVADA GOLD MINES, LLC, a foreign Limited-Liability Company; and BARRICK GOLD OF NORTH AMERICA, INC., a foreign corporation d.b.a. Nevada Gold Mines, <br><br> Defendants. | CASE NO: 3:21-cv-00070 <br><br><br> **COMPLAINT** <br><br> **JURY DEMAND** |

*The Geddes Law Firm, P.C.*
*1575 Delucchi Lane, Suite 206*
*Reno, NV 89502*
*Phone 775-853-9455*

COMES NOW Plaintiff ERIC DUARTE, by and through his counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of the law firm THE GEDDES LAW FIRM, P.C. and hereby complains of Defendants NEVADA GOLD MINES, LLC, a foreign Limited-Liability Company and BARRICK GOLD OF NORTH AMERICA, INC., a foreign corporation d.b.a. Nevada Gold Mines, as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment-discrimination case arising under the Americans with Disabilities Act and its corresponding state laws NRS 613.330 and NRS 613.340. Plaintiff Eric Duarte has mental impairments, that amount to disabilities protected under the ADA, including diagnosed panic disorder and general anxiety disorder. From July 24, 2017 through June 13, 2020, Duarte worked as an open-pit worker and truck operator for Nevada Gold Mines, LLC and Barrick Gold of North America d.b.a.

1

Nevada Gold Mines, in Elko, Nevada.  During his employment with Nevada Gold Mines and Barrick Gold, Duarte requested accommodations for his disabilities, to avoid panic and anxiety attacks in highly-claustrophobic environments and environments where he feels trapped, which environments are present at portions of Defendants' mining facilities, during some of Defendants' mining activities. From September of 2019 through June 13, 2020, Nevada Gold Mines and Barrick Gold failed to reasonably accommodate Duarte's disabilities, but engaged in adverse action against him by suspending him and forcing him to remain away from work, on short-term disability, when he could have remained at, or returned to, work and performed the essential functions of his job with a reasonable accommodation or otherwise been transferred to another available job at the mine.  Nevada Gold Mines and Barrick Gold failed to engage in the interactive process in a good-faith manner to reasonably accommodate Duarte's disabilities.  On or about June 13, 2020, Nevada Gold Mines and Barrick Gold fired Duarte because of his disabilities, falsely claiming that: (1) his disabilities could not be reasonably accommodated; (2) Duarte was not qualified for any available position to which to be transferred; and (3) the companies do not permit medical leave.  But Duarte disagrees, maintaining that his disabilities could have been reasonably accommodated, that he was qualified for other available positions to which he could have been transferred, and that, in lieu of firing him, Duarte could have been reasonably accommodated by being allowed to take medical leave, to allow his mental-health condition to improve through treatment.  This lawsuit alleges that Nevada Gold Mines and Barrick Gold failed to engage in the interactive process in good faith and suspended and fired Duarte because of his protected trait of having a disability and/or in retaliation for his protected activities of requesting an accommodation for his disabilities and also for resisting Nevada Gold Mines' and Barrick's discriminatory actions that were violative of the ADA, NRS 613.330, and NRS 613.340.  Plaintiff seeks monetary, equitable, and injunctive relief.

## II.

## JUISDICTION AND VENUE

1.     The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  In particular, this case asserts federal discrimination claims, actionable

under the Americans with Disabilities Act and the Americans with Disabilities Act Amendment Act (collectively, "ADA"), codified at 42 U.S.C. § 12101 *et seq*. This Court has supplemental jurisdiction over the corresponding state-law discrimination claims (NRS 613.330 and NRS 613.340), pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

2.      Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Elko, County of Elko, Nevada, and because Defendants NEVADA GOLD MINES, LLC, a foreign Limited-Liability Company and BARRICK GOLD OF NORTH AMERICA, INC., a foreign corporation d.b.a. Nevada Gold Mines, conducted business in the city of Elko, county of Elko, Nevada where all or a substantial part of the events or omissions giving rise to the claims of the case occurred.

### III.

### PARTIES

3.      At all times relevant herein, Plaintiff ERIC DUARTE ("DUARTE") was a citizen of the state of Nevada, residing in the County of Elko, Nevada, and he was employed by Defendants NEVADA GOLD MINES, LLC, a foreign Limited-Liability Company, and BARRICK GOLD OF NORTH AMERICA, INC., a foreign corporation d.b.a. Nevada Gold Mines, as an open-pit worker and truck operator, working at its business location, situated at or about 1655 Mountain City Highway, in the city of Elko, Nevada in the county of Elko.

4.      Defendant NEVADA GOLD MINES, LLC ("NGM") is a foreign Limited-Liability Company organized under the laws of Delaware, authorized to do business in the state of Nevada and actually doing business as a Limited-Liability Company in the state of Nevada, performing mining operations in a joint-venture and/or in a limited-liability company, whose members are comprised of, or include, BARRICK GOLD OF NORTH AMERICA, Newmont Company, Newmont Mining, and/or Newmont Goldcorp. At all times relevant herein, NGM conducted business operations at the mining facilities situated at or about 1655 Mountain City Highway, in the city of Elko, Nevada in the county of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

Elko.  At all times relevant herein, NGM employed more than 15 employees across all its business locations, and also specifically at its mining facilities situated at 1655 Mountain City Highway, in the city of Elko, Nevada in the county of Elko.  At all times relevant herein, NGM was the employer or a co-employer of DUARTE.

5.    Defendant BARRICK GOLD OF NORTH AMERICA, INC. ("BARRICK"), is a foreign corporation, organized under the laws of Delaware, authorized to do business in the state of Nevada and actually doing business as a corporation in the state of Nevada, performing mining operations in a joint-venture and/or in a limited-liability company, whose members are comprised of, or include, BARRICK GOLD OF NORTH AMERICA, Newmont Company, Newmont Mining, and/or Newmont Goldcorp.  At all times relevant herein, BARRICK conducted business operations at the mining facilities situated at or about 1655 Mountain City Highway, in the city of Elko, Nevada in the county of Elko.  At all times relevant herein, BARRICK employed more than 15 employees across all its business locations, and also specifically at its mining facilities situated at 1655 Mountain City Highway, in the city of Elko, Nevada in the county of Elko.  At all times relevant herein, BARRICK was the employer or a co-employer of DUARTE.

6.    At all times relevant herein, NGM and BARRICK were related business entities, such that they were joint venturers, parent entities, subsidiaries, co-owners, partners, franchisors, franchisees, co-members, employers, employees, contractors, subcontractors, agents, and/or affiliates of each other, who controlled, supervised, and/or directed each other, and/or who acted under the control, supervision, and/or direction of each other, and who acted within the course, scope, and purpose of such business relationships and affiliations, and each of these defendants is statutorily, negligently, contractually, intentionally, recklessly, strictly, directly, derivatively, and/or otherwise culpable and responsible in some manner for the events and happenings alleged herein, as each of these Defendants proximately caused, and/or were otherwise legally liable for, the injuries alleged herein.

## IV.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

7.    From July 24, 2017 through June 13, 2020, DUARTE was employed by NGM and BARRICK, working as an open-pit worker and truck operator at NGM/BARRICK's mining facilities

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1    situated at or about 1655 Mountain City Highway, in the city of Elko, Nevada in the county of Elko.

2        8.     DUARTE has mental impairments ("Mental Impairments"), including diagnosed panic

3    disorder and general anxiety disorder.

4        9.     At all times relevant herein, DUARTE's Mental Impairments, substantially limited one

5    or more of his major life activities, including the activities of working, breathing, concentrating,

6    thinking, communicating, and performing manual tasks in highly-claustrophobic environments and

7    environments where he feels trapped, which environments are present at portions of Defendants'

8    mining facilities, during some of Defendants' mining activities.   As well, DUARTE's Mental

9    Impairments substantially limited his major bodily functions, including his neurological, brain, and

10   respiratory functions.

11       10.    At all times relevant herein, DUARTE was receiving medical/mental health treatment

12   for his Mental Impairments.

13       11.    At all times relevant herein, DUARTE's Mental Impairments were disabilities

14   ("Disabilities"), within the meaning, scope, and protection of the American's With Disabilities Act and

15   its Amendment Act (collectively, the "ADA") and NRS 613.330 *et seq*.

16       12.    Notwithstanding the existence of DUARTE's Disabilities, at all times relevant herein,

17   DUARTE could perform, and could have performed, the essential functions of his job with a

18   reasonable accommodation, including those described herein and others not proposed or considered by

19   Defendants NGM and BARRICK, including accommodations that made modifications or adjustments

20   to the work environment at NGM/BARRICK, or to the manner or circumstances under which

21   DUARTE's job duties or position are customarily performed, including by job restructuring, modifying

22   DUARTE's work schedule, acquiring or modifying equipment, changing company policies, and

23   providing assistants or helpers.

24       13.    At all times relevant herein, Defendants NGM and BARRICK were aware of

25   DUARTE's Mental Impairments and Disabilities, including when receiving medical records and

26   information from, or on behalf of, DUARTE, and Defendants NGM and BARRICK were under a legal

27   duty to engage in the ADA/NRS 613.330 "interactive-process" with DUARTE, in good faith, to

28   identify and implement appropriate reasonable accommodations for DUARTE's Disabilities.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

14.     At all times relevant herein, during his employment tenure at NGM/BARRICK, Duarte communicated to Defendants NGM and BARRICK that he suffered from Mental Impairments and Disabilities, and he requested that Defendants NGM and BARRICK provide him reasonable accommodations for his Disabilities.

15.     However, Defendants NGM and BARRICK failed to engage in the interactive process in good faith.

16.     Defendants NGM and BARRICK also failed to reasonably accommodate DUARTE's Disabilities, but took adverse employment action against him instead, including by suspending him in or about September of 2019, forcing him to remain away from work on short-term disability, and not permitting him to return to work, when, at all relevant times herein, Defendants NGM and BARRICK could have reasonably accommodated DUARTE's Disabilities to allow him to remain at, and/or return to, work.

17.     During the period of his suspension from work, from about September of 2019 through June 13, 2020, DUARTE requested to be returned to work with a reasonable accommodation under the ADA and NRS 613.330, including to be transferred to another available job, and if such accommodations were not available, to be provided the accommodation of being permitted to take medical leave, in lieu of being terminated.

18.     At all times relevant herein, DUARTE's Disabilities caused him to have certain medical work restrictions, which were not properly evaluated by Defendants NGM and BARRICK, despite clarifications and explanations offered by DUARTE, and Defendants NGM's and BARRICK's failures here were intentional, deliberate, reckless, and/or done with deliberate indifference to the legal rights of DUARTE, the effect of which caused or contributed to Defendants NGM's and BARRICK's failure to engage in the ADA/NRS 613.330 "interactive process" in good faith.

19.     For instance, Defendants NGM and BARRICK refused to properly evaluate DUARTE's medical work restrictions, and DUARTE's clarifications on these restrictions, concerning:

(A)     whether DUARTE could work in a position that required sitting and operating a piece of equipment/machinery for the duration of a shift;

(B)     whether DUARTE could work in a position that was mentally or/or physically

6

monotonous; and

(C)     whether DUARTE could work in a position that required constant use of a respiratory mask for the duration of the shift.

20.     On May 20, 2020, DUARTE sent an email to Sandra Bell an HR representative at Nevada Gold Mines, addressing his Disabilities and medical work restrictions, and specifically clarifying that:

(A)     DUARTE could work in a position that required sitting and operating a piece of equipment/machinery for the duration of the shift, depending on the location and the equipment, further explaining that he could work on equipment that would stay out of the pit and on equipment where he could stop work to take a very short medical break, as needed;

(B)     DUARTE could work in most positions that are mentally or/or physically monotonous, provided that he could take a quick medical break, as needed; and

(C)     DUARTE could work in a position that requires the use of a respiratory mask, if he could take a quick medical break, as needed.

21.     Thereafter, on June 8, 2020, DUARTE sent an email to Sandra Bell, explaining that he had a scheduled appointment with his primary care doctor on June 10, 2020, but in the meantime, in consultation with his therapist, DUARTE proposed the following accommodations:

(A)     Accommodations for working in OP trucks: to not work in the pit; to be able to take a break as medically needed; to have access to a cell phone for emergencies; to have his medication on his person and to take it as medically needed; to be able to leave work without punishment, if medically needed; to not work underground; to not wear a respiratory mask, except under certain circumstances; and to shorten the work shift, as medically needed;

(B)     Accommodations to be transferred to other available jobs, including in the jobs in database administration, environmental engineering, and safety-and-health coordination; and

(C)     Accommodation in the form of taking unpaid medical leave, so that he could recover from his Disabilities or have their symptoms lessen, stating his hope to return to a 100% capacity of what he was able to do before he was afflicted with the disorder of his Disabilities.

22.     However,  Defendants NGM and BARRICK failed to fully and properly consider those

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

7

1   requests for accommodations, including by failing to fully and properly evaluate whether granting those

2   accommodations would present an undue hardship to Defendants NGM and BARRICK.

3       23.     Defendants NGM and BARRICK also failed to fully and properly consider other

4   reasonable alternatives to those requests for accommodations, including to evaluate whether other

5   accommodations to the ones proposed by DUARTE would present an undue hardship to Defendants

6   NGM and BARRICK.

7       24.     Defendants NGM and BARRICK failed to further engage in the interactive process in

8   good faith.

9       25.     Instead, less than a week later, or about June 13, 2020, Defendants NGM and BARRICK

10  fired Duarte because of his disabilities, falsely claiming that:

11          (A)     DUARTE's Disabilities could not be reasonably accommodated;

12          (B)     DUARTE was not qualified for any available position to which to be transferred;

13  and

14          (C)     Defendants NGM and BARRICK do not permit medical leave.

15      26.     Notwithstanding Defendants NGM's and BARRICK's pretexts and false excuses for

16  firing DUARTE, at all relevant times herein:

17          (A)     Defendants NGM and BARRICK failed to engage in the interactive process in

18  good faith, to identify and implement appropriate reasonable accommodations for DUARTE's

19  Disabilities.

20          (B)     DUARTE could have performed the essential functions of his job with a

21  reasonable accommodation from Defendants NGM and BARRICK, including those described herein

22  and others not proposed or considered by Defendants NGM and BARRICK, including accommodations

23  that made modifications or adjustments to the work environment at NGM/BARRICK, or to the manner

24  or circumstances under which DUARTE's job duties or position are customarily performed, including

25  by job restructuring, modifying DUARTE's work schedule, acquiring or modifying equipment,

26  changing company policies, providing assistants or helpers;

27          (C)     DUARTE's Disabilities could have been reasonably accommodated by

28  Defendants NGM and BARRICK by means of transferring DUARTE to another available job at

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

Defendants NGM and BARRICK; and

        (D)    DUARTE's Disabilities could have been reasonably accommodated by NGM/BARRICK by means of permitting DUARTE to take medical leave.

27.    At all relevant times herein, Defendants NGM and BARRICK could have permitted DUARTE to remain at work—rather than suspend him and forcing him to take disability leave—by providing accommodations to him that would not have caused an undue hardship, or been unduly costly, extensive, substantial or disruptive, or fundamentally altered the nature or operation of Defendants NGM and BARRICK's business.

28.    At all relevant times herein, Defendants NGM and BARRICK could have permitted DUARTE to return at work—rather than prevent him from returning to work—by providing accommodations to him that would not have caused an undue hardship, or been unduly costly, extensive, substantial or disruptive, or fundamentally altered the nature or operation of Defendants NGM and BARRICK's business.

29.    At all relevant times herein, Defendants NGM and BARRICK could have permitted DUARTE to return at work—rather than fire him—by providing accommodations to him that would not have caused an undue hardship, or been unduly costly, extensive, substantial or disruptive, or fundamentally altered the nature or operation of Defendants NGM and BARRICK's business.

30.    At all relevant times herein, Defendants NGM and BARRICK could have permitted DUARTE to be transferred to another available position at Defendants NGM and BARRICK—rather than fire him—as an accommodation to his Disabilities, and doing so would not have caused an undue hardship, or been unduly costly, extensive, substantial or disruptive, or fundamentally altered the nature or operation of Defendants NGM and BARRICK's business.

31.    At all relevant times herein, Defendants NGM and BARRICK could have permitted DUARTE to take medical leave—rather than fire him—as an accommodation to his Disabilities, and doing so would not have caused an undue hardship, or been unduly costly, extensive, substantial or disruptive, or fundamentally altered the nature or operation of Defendants NGM and BARRICK's business.

32.    At all times relevant herein, Defendants NGM and BARRICK took the following

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

adverse employment actions ("Adverse Employment Actions") against DUARTE:

(A)     Defendants NGM and BARRICK failed to engage in the ADA-interactive-process in good faith;

(B)     Defendants NGM and BARRICK failed to reasonably accommodate DUARTE's Disabilities;

(C)     Defendants NGM and BARRICK suspended DUARTE and forced him to take short-term disability leave, when reasonable accommodations were available;

(D)     Defendants NGM and BARRICK refused to allow DUARTE to return to work with a reasonable accommodation; and

(E)     Defendants NGM and BARRICK terminated DUARTE.

33.     At all times relevant herein, DUARTE engaged in Protected Activities ("Protected Activity" or "Protected Activities"), protected under the anti-retaliation provisions of the ADA and NRS 613.340, including that described herein and that specifically described as follows:

(A)     DUARTE repeatedly requested accommodations for his Disabilities during the period of September of 2017 through the date of his termination on June 13, 2020—including before and after he was suspended from work, including his requests to be returned to work with a reasonable accommodation of his Disabilities; and

(B)     DUARTE resisted Defendants' discriminatory actions that were violative of the ADA, NRS 613.330, and NRS 613.340, including when challenging Defendants' refusal to return him to work.

34.     At all times relevant herein, Defendants NGM and BARRICK deliberately and intentionally engaged in their Adverse Employment Actions against DUARTE, intending to engage in disability discrimination;

35.     At all times relevant herein, when taking each Adverse Employment Actions against DUARTE, NGM/BARRIC violated employment discrimination laws, including ADA and NRS 613.330 and/or NRS 613.340.

36.     DUARTE timely submitted, or caused to be submitted, a charge of unlawful disability discrimination and retaliation, for both state (NRS 613.330 and NRS 613.340) and federal violations

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

(ADA) with the Equal Employment Opportunity Commission ("EEOC") in EEOC Claim No. 550-2020-01602, as alleged herein.

37.     At all times relevant herein, the Nevada Equal Rights Commission ("NERC"), a commission within the Nevada Department of Employment, Training, and Rehabilitation, was the Fair Employment Practices Agency ("FEPA") which was responsible for enforcing anti-employment discrimination laws in Nevada, similar to the federal anti-employment discrimination laws enforced by EEOC.

38.     At all relevant times herein, the NERC/FEPA and the EEOC had a "work-share agreement," ("WSA") which permitted either the NERC/FEPA or the EEOC to process *both* the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, depending on where the claim was filed.

39.     Pursuant to the WSA, the EEOC received and processed both the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, when handling EEOC Claim No. 550-2020-01602, and all claims asserted herein, whether state-law claims or federal claims, are now administratively exhausted.

40.     On November 4, 2020, the EEOC, issued a "right-to-sue letter" for the discrimination claims of this case, as described in EEOC Claim No. 550-2020-01602, pursuant to 42 U.S.C. 12111 *et seq.*, for *both* the state (NRS 613.330 and NRS 613.340) and federal (ADA) claims, and DUARTE timely filed the instant suit within ninety (90) days of the receipt of that "right-to-sue letter."

41.     Under Federal Rule of Civil Procedure 8, the claims of this pleading are pleaded consistently, inconsistently, and/or alternately, as permitted under the rule, including for claims whose legal elements require "but-for" or "determining-factor" causation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

***FEDERAL CLAIMS***

**V.**

**FIRST CLAIM FOR RELIEF**

**UNLAWFUL DISCRIMINATION BASED ON DISABILITY:**

**Failure to Engage in the Interactive Process in Good Faith, Failure to Accommodate Disabilities, Disparate Treatment, and Termination of Employment Because of Disabilities**

**(Americans With Disabilities Act and Amendment Act - 42 U.S.C. § 12101 *et seq*.)**

**(ASSERTED AGAINST ALL DEFENDANTS)**

42.    DUARTE incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

43.    Defendants NGM and BARRICK violated the ADA and 42 U.S.C. § 12101 *et seq*. and are liable for their culpable conduct and the conduct of their employees and agents, including their HR Personnel, under the ADA and 42 U.S.C. § 12101 *et seq*. for the reasons set forth in this claim for relief.

44.    At all times relevant herein, DUARTE'S Disabilities, described herein, were Mental Impairments, as described herein, which Disabilities are covered by, and within the meaning of, the ADA codified at 42 U.S.C. § 12102 *et seq.*, in that these Mental Impairments substantially limited one or more of DUARTE'S major life activities, including the activities of working, breathing, concentrating, thinking, communicating, and performing manual tasks in highly-claustrophobic environments and environments where he feels trapped, which environments are present at portions of Defendants' mining facilities, during some of Defendants' mining activities.  As well, DUARTE's Mental Impairments substantially limited his major bodily functions, including his neurological, brain, and respiratory functions, for which Disabilities DUARTE had received medical/mental evaluation, treatment, and care.

45.    At all times relevant herein, Defendants NGM and BARRICK, including through their agents and employees:

(A)    were aware of DUARTE'S Disabilities;

(B)    were aware that DUARTE had a record of such Disabilities; and

(C)    regarded DUARTE as having Mental Impairments, including his Disabilities, (which has continued for than six months) that substantially limited one or more of his major life activities, as described herein, including when receiving medical records and information from, or on behalf of, DUARTE.

46.    Notwithstanding DUARTE'S Disabilities, at all relevant times herein, DUARTE could perform the essential functions of his job, with a reasonable accommodation of his Disabilities, including those described herein and others not proposed or considered by Defendants NGM and BARRICK, including accommodations that made modifications or adjustments to the work environment at NGM/BARRICK, or to the manner or circumstances under which DUARTE's job duties or position are customarily performed, including by job restructuring, modifying DUARTE's work schedule, acquiring or modifying equipment, changing company policies, and/or providing assistants or helpers.

47.    Notwithstanding DUARTE'S Disabilities, at all relevant times herein, Defendants NGM and BARRICK could have provided DUARTE with a reasonable accommodation of his Disabilities, by allowing DUARTE to transfer to another available position at NGM/BARRICK for which he was qualified or could have become qualified without undue hardship to Defendants NGM and BARRICK, including according to the common practice of Defendants NGM and BARRICK, by which retraining to other jobs was offered to other employees who were not discriminated against based on their disability;

48.    Notwithstanding DUARTE'S Disabilities, at all relevant times herein, Defendants NGM and BARRICK could have provided DUARTE with a reasonable accommodation of his Disabilities, by allowing DUARTE to take medical leave, whether paid or unpaid, to seek further medical treatment for his Disabilities, to allow his to recuperate and/or reach maximum medical improvement of his Disabilities and to return to work to perform the essential functions of his job with or without further reasonable accommodation;

49.    At all relevant times herein, Defendants NGM and BARRICK were required to engage in the "interactive process" mandated by the ADA, to identify and implement appropriate reasonable accommodations to DUARTE for his Disabilities, including to explore and identify the precise

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

limitations resulting from DUARTE's Disabilities and the potential reasonable accommodations that could overcome those limitations.

50.    At all relevant times herein, Defendants NGM and BARRICK, including through their employees and agents, refused to, and intentionally failed to, engage, and continue to engage, in the mandatory ADA-interactive-process in good faith with DUARTE regarding his requests for accommodation of his Disabilities, as described herein.

51.    If Defendants NGM and BARRICK had properly engaged or continued to engage in the Interactive Process with DUARTE, as described herein, Defendant Defendants NGM and BARRICK and DUARTE could have identified reasonable accommodations for DUARTE's Disabilities, which would have allowed his to remain employed with Defendants NGM and BARRICK, as envisioned by the ADA.

52.    At all relevant times herein, Defendants NGM and BARRICK, including through their employees and agents, intentionally engaged in Adverse Employment Actions against DUARTE, described herein, because of his Disabilities.

53.    At all relevant times herein, Defendants NGM and BARRICK, including through their employees and agents, intentionally engaged in disparate treatment of DUARTE, as compared to other similarly-situated employees, and such differences in treatment were based on DUARTE'S protected characteristic of his Disabilities, as described herein, including when taking the Adverse Actions against DUARTE, as described herein.

54.    As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

55.    The Adverse Employment Actions, disparate treatment, and unlawful discrimination by Defendants NGM and BARRICK, including their employees and agents, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

14

protected rights, and state-law-protected rights of DUARTE—including when Defendants took their Adverse Actions against DUARTE—all while Defendants NGM and BARRICK, their management, and their HR personnel were well aware of DUARTE's rights under the ADA, NRS 613.330, and NRS 613.340, and while they were well aware of Defendants NGM and BARRICK's legal obligations under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendants NGM and BARRICK, in an amount determined by a jury at trial, according to law.

56.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

57.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated DUARTE'S rights by engaging in unlawful discrimination, as alleged herein.

58.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant BARRICK to give effect to the rights of DUARTE, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of DUARTE to his prior employment position or another vacant position with Defendants NGM and BARRICK, for which he qualifies, or could be qualified without discriminatory disparate treatment to him as compared to other employees who are trained or retrained, with full pay and benefits, if never terminated.

/ / /

/ / /

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

**VI.**

**SECOND CLAIM FOR RELIEF**

**UNLAWFUL RETALIATION BASED ON DISABILITY:**

**Violation of the Anti-Retaliation Provisions of the ADA, 42 U.S.C. § 12203 *et seq.***

**(ASSERTED AGAINST ALL DEFENDANTS)**

59.     DUARTE incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

60.     Defendants NGM and BARRICK violated the ADA's anti-retaliation provision and 42 U.S.C. § 12203 *et seq*. and are liable for unlawful retaliation under the ADA for their culpable conduct and the conduct of their employees and agents, under the ADA and 42 U.S.C. § 12203 *et seq*. for the reasons set forth in this claim for relief.

61.     At all times relevant herein, DUARTE engaged in the Protected Activities described herein, which were protected under the anti-retaliation provisions of the ADA.

62.     At all times relevant herein, Defendants NGM and BARRICK, including through their employees and agents, subjected DUARTE to the Adverse Employer Actions described herein in response to, retaliation for, and because of, his having engaged in the Protected Activities, described herein.

63.     At all times relevant herein, such Adverse Employer Actions taken against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such Adverse Employer Actions materially affected the compensation, terms, conditions, or privileges of DUARTE's employment and other rights secured to DUARTE.

64.     There was a causal link between DUARTE's Protected Activities and these Adverse Employer Actions that DUARTE suffered, including that causation shown by circumstantial evidence, including temporal proximity.

65.     Defendants NGM and BARRICK, including through their employees and agents, subjected DUARTE to these Adverse Employer Actions, in retaliation for, and because of, his

Protected Activities.

66. Defendants NGM and BARRICK, including through their employees and agents, unlawfully discriminated against DUARTE by retaliation, described herein, and violated the anti-retaliation provisions of the ADA, including as codified at 42 U.S.C. § 12203.

67. As a result of such intentional, unlawful, retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

68. The deliberate, unlawful, retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activities, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected rights, and state-law-protected rights of DUARTE—including as shown by the fact that Defendants' management and HR personnel were trained on their legal obligations under anti-employment-discrimination laws and of the corresponding rights of their employees, including DUARTE, and they were well aware of DUARTE's rights under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendants NGM and BARRICK, in an amount determined by a jury at trial, according to law.

69. As a result of such intentional, unlawful, and retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

70. As a result of such intentional, unlawful, and retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated DUARTE'S rights by engaging in unlawful

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1  retaliation, as alleged herein.

2       71.    As a result of such intentional, unlawful, and retaliatory conduct against DUARTE by

3  Defendants NGM and BARRICK, including through their employees and agents, based on and because

4  of DUARTE'S Protected Activity, DUARTE is entitled to, and seeks, injunctive relief, in the form of

5  an injunction issued by this Court, that compels Defendants NGM and BARRICK to give effect to the

6  rights of DUARTE, and to take other appropriate action, including: the removal of all adverse

7  information from his employee file, relevant to the claims of this case, and, if appropriate and feasible,

8  the reinstatement of DUARTE to his prior employment position or another vacant position with NGM/

9  BARRICK, for which he qualifies, with full pay and benefits, if never terminated.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

10  ### *STATE CLAIMS*

11  ### VII.

12  ### THIRD CLAIM FOR RELIEF

13  ### VIOLATION OF NEVADA'S ANTI-DISCRIMINATION STATUTE BASED ON DISABILITY

15  **Failure to Engage in the Interactive Process in Good Faith, Failure to Accommodate Disabilities, Disparate Treatment, and Termination of Employment Because of Disabilities**

16  ### (NRS 613.330)

17  ### (ASSERTED AGAINST ALL DEFENDANTS)

18       72.    DUARTE incorporates by reference all prior allegations of this *Complaint*, as though

19  fully set forth herein.

20       73.    Defendants NGM and BARRICK violated Nevada's anti-employment discrimination

21  statute based on disability and are liable for their culpable conduct and the conduct of their employees

22  and agents, including their HR Personnel, under NRS 613.330 *et seq.* for the reasons set forth in this

23  claim for relief.

24       74.    At all times relevant herein, DUARTE'S Disabilities, described herein, were Mental

25  Impairments, as described herein, which Disabilities are covered by, and within the meaning of,

26  Nevada's anti-employment discrimination statute, codified at NRS 613.330 *et seq.*, in that these Mental

27  Impairments substantially limited one or more of DUARTE'S major life activities, including the

28  activities of working, breathing, concentrating, thinking, communicating, and performing manual tasks

in highly-claustrophobic environments and environments where he feels trapped, which environments are present at portions of Defendants' mining facilities, during some of Defendants' mining activities. As well, DUARTE's Mental Impairments substantially limited his major bodily functions, including his neurological, brain, and respiratory functions, for which Disabilities DUARTE had received medical/mental evaluation, treatment, and care.

75. At all times relevant herein, Defendants NGM and BARRICK, including through their agents and employees:

    (A)    were aware of DUARTE'S Disabilities;

    (B)    were aware that DUARTE had a record of such Disabilities; and

    (C)    regarded DUARTE as having Mental Impairments, including his Disabilities, (which has continued for than six months) that substantially limited one or more of his major life activities, as described herein, including when receiving medical records and information from, or on behalf of, DUARTE.

76. Notwithstanding DUARTE'S Disabilities, at all relevant times herein, DUARTE could perform the essential functions of his job, with a reasonable accommodation of his Disabilities, including those described herein and others not proposed or considered by Defendants NGM and BARRICK, including accommodations that made modifications or adjustments to the work environment at NGM/BARRICK, or to the manner or circumstances under which DUARTE's job duties or position are customarily performed, including by job restructuring, modifying DUARTE's work schedule, acquiring or modifying equipment, changing company policies, and/or providing assistants or helpers.

77. Notwithstanding DUARTE'S Disabilities, at all relevant times herein, Defendants NGM and BARRICK could have provided DUARTE with a reasonable accommodation of his Disabilities, by allowing DUARTE to transfer to another available position at NGM/BARRICK for which he was qualified or could have become qualified without undue hardship to Defendants NGM and BARRICK, including according to the common practice of Defendants NGM and BARRICK, by which retraining to other jobs was offered to other employees who were not discriminated against based on their disability;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

78.     Notwithstanding DUARTE'S Disabilities, at all relevant times herein, Defendants NGM and BARRICK could have provided DUARTE with a reasonable accommodation of his Disabilities, by allowing DUARTE to take medical leave, whether paid or unpaid, to seek further medical treatment for his Disabilities, to allow his to recuperate and/or reach maximum medical improvement of his Disabilities and to return to work to perform the essential functions of his job with or without further reasonable accommodation;

79.     At all relevant times herein, Defendants NGM and BARRICK were required to engage in the "interactive process" mandated by NRS 613.330, to identify and implement appropriate reasonable accommodations to DUARTE for his Disabilities, including to explore and identify the precise limitations resulting from DUARTE's Disabilities and the potential reasonable accommodations that could overcome those limitations.

80.     At all relevant times herein, Defendants NGM and BARRICK, including through their employees and agents, refused to, and intentionally failed to, engage, and continue to engage, in the mandatory NRS 613.330 "interactive-process" in good faith with DUARTE regarding his requests for accommodation of his Disabilities, as described herein.

81.     If Defendants NGM and BARRICK had properly engaged or continued to engage in the Interactive Process with DUARTE, as described herein, Defendant Defendants NGM and BARRICK and DUARTE could have identified reasonable accommodations for DUARTE's Disabilities, which would have allowed his to remain employed with Defendants NGM and BARRICK, as envisioned by NRS 613.330.

82.     At all relevant times herein, Defendants NGM and BARRICK, including through their employees and agents, intentionally engaged in Adverse Employment Actions against DUARTE, described herein, because of his Disabilities.

83.     At all relevant times herein, Defendants NGM and BARRICK, including through their employees and agents, intentionally engaged in disparate treatment of DUARTE, as compared to other similarly-situated employees, and such differences in treatment were based on DUARTE'S protected characteristic of his Disabilities, as described herein, including when taking the Adverse Actions against DUARTE, as described herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

84.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

85.     The Adverse Employment Actions, disparate treatment, and unlawful discrimination by Defendants NGM and BARRICK, including their employees and agents, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected rights, and state-law-protected rights of DUARTE—including when Defendants took their Adverse Actions against DUARTE—all while Defendants NGM and BARRICK, their management, and their HR personnel were well aware of DUARTE's rights under the ADA, NRS 613.330, and NRS 613.340, and while they were well aware of Defendants NGM and BARRICK's legal obligations under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish Defendants NGM and BARRICK, in an amount determined by a jury at trial, according to law.

86.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

87.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated DUARTE'S rights by engaging in unlawful discrimination, as alleged herein.

88.     As a result of such intentional, unlawful, and discriminatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Disabilities, DUARTE is entitled to, and seeks, injunctive relief, in the form of

an injunction issued by this Court, that compels Defendant BARRICK to give effect to the rights of DUARTE, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of DUARTE to his prior employment position or another vacant position with Defendants NGM and BARRICK, for which he qualifies, or could be qualified without discriminatory disparate treatment to him as compared to other employees who are trained or retrained, with full pay and benefits, if never terminated.

**VIII.**

**FOURTH CLAIM FOR RELIEF**

**UNLAWFUL RETALIATION BASED ON DISABILITY:**

**Violation of the Anti-Retaliation Provisions of**

**Nevada's Anti-Employment-Discrimination Statutes (Disability).**

**(NRS 613.340)**

**(ASSERTED AGAINST ALL DEFENDANTS)**

89.    DUARTE incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

90.    Defendants NGM and BARRICK violated the anti-retaliation provisions of Nevada's anti-employment discrimination statute based on disability and are liable for unlawful retaliation for their culpable conduct and the conduct of their employees and agents, under NRS 613.340 *et seq*. for the reasons set forth in this claim for relief.

91.    At all times relevant herein, DUARTE engaged in the Protected Activities described herein, which were protected under the anti-retaliation provisions of Nevada's anti-employment discrimination statute based on disability, codified at NRS 613.340 *et seq*.

92.    At all times relevant herein, Defendants NGM and BARRICK, including through their employees and agents, subjected DUARTE to the Adverse Employer Actions described herein in response to, retaliation for, and because of, his having engaged in the Protected Activities, described herein.

93.    At all times relevant herein, such Adverse Employer Actions taken against DUARTE by

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

Defendants NGM and BARRICK, including through their employees and agents, would be materially adverse to a reasonable employee, reasonably likely to deter charging parties or others from engaging in protected activity, and such Adverse Employer Actions materially affected the compensation, terms, conditions, or privileges of DUARTE's employment and other rights secured to DUARTE.

94.    There was a causal link between DUARTE's Protected Activities and these Adverse Employer Actions that DUARTE suffered, including that causation shown by circumstantial evidence, including temporal proximity.

95.    Defendants NGM and BARRICK, including through their employees and agents, subjected DUARTE to these Adverse Employer Actions, in retaliation for, and because of, his Protected Activities.

96.    Defendants NGM and BARRICK, including through their employees and agents, unlawfully discriminated against DUARTE by retaliation, described herein, and violated the anti-retaliation provisions of Nevada's anti-employment discrimination statute based on disabilities, codified at NRS 613.340 *et seq*.

97.    As a result of such intentional, unlawful, retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory and equitable damages, in an amount to be proven at trial.

98.    The deliberate, unlawful, retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activities, was intentional, willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, federally-protected rights, and state-law-protected rights of DUARTE—including as shown by the fact that Defendants' management and HR personnel were trained on their legal obligations under anti-employment-discrimination laws and of the corresponding rights of their employees, including DUARTE, and they were well aware of DUARTE's rights under the ADA, NRS 613.330, and NRS 613.340—warranting an award of punitive damages, to punish

Defendants NGM and BARRICK, in an amount determined by a jury at trial, according to law.

99.     As a result of such intentional, unlawful, and retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE has had to retain the services of attorneys in this matter, and he, therefore, is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and his court costs, in an amount to be proven at trial.

100.     As a result of such intentional, unlawful, and retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant violated DUARTE'S rights by engaging in unlawful retaliation, as alleged herein.

101.     As a result of such intentional, unlawful, and retaliatory conduct against DUARTE by Defendants NGM and BARRICK, including through their employees and agents, based on and because of DUARTE'S Protected Activity, DUARTE is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendants NGM and BARRICK to give effect to the rights of DUARTE, and to take other appropriate action, including: the removal of all adverse information from his employee file, relevant to the claims of this case, and, if appropriate and feasible, the reinstatement of DUARTE to his prior employment position or another vacant position with NGM/BARRICK, for which he qualifies, with full pay and benefits, if never terminated.

## IX.

### PRAYER FOR RELIEF

WHEREFORE, DUARTE prays for judgment against Defendant BARRICK, as follows:

1.     For equitable relief, including back pay and front pay, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

2.     For general, compensatory damages on all claims, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, including for non-pecuniary, compensatory damages for emotional pain, suffering, inconvenience, mental anguish,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

anger, loss of enjoyment of life, and other nonpecuniary losses, separately, in an amount to be proven at trial;

3.    For special, compensatory damages on all claims, for pecuniary losses and damages to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

4.    For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial, to the fullest recoverable extent, under the ADA, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

5.    For exemplary and punitive damages, as allowed by law;

6.    For costs of the suit incurred herein, as allowed by law;

7.    For attorneys' fees, costs, and prejudgment interest, as allowed by law;

8.    For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial or a hearing on the same;

9.    For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.330, and NRS 613.340, and the Court's inherent equitable powers, DUARTE seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and the obligations of Defendants NGM and BARRICK, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendants NGM and BARRICK unlawfully discriminated against DUARTE in violation of the ADA, NRS 613.330, and NRS 613.340, and otherwise violated DUARTE'S rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to DUARTE'S employment and re-employment;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

10.     Based on the foregoing, DUARTE has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.  This inadequacy is, in part, based on the facts that DUARTE is not currently employed by Defendants NGM and BARRICK and should be reinstated, if feasible, including to another vacant position at Defendants NGM and BARRICK, for which he is qualified, and the inadequacies of remedies available at law, such as monetary damages, are further based on the fact that Defendants NGM and BARRICK is currently maintaining false and disparaging information about DUARTE's work performance and tenure at NGM/BARRICK, which will be discovered by third parties, including prospective employers of DUARTE, which will interfere with his ability to obtain employment, including re-employment at NGM/BARRICK.  As such DUARTE is entitled to injunctive relief, including an injunction compelling Defendants:

(A)     To remove false, adverse information contained in his personnel files relating to the claims of this case;

(B)     To provide only a "neutral" job reference concerning DUARTE's tenure at NGM/BARRICK, to all inquiring prospective employers; and

(C)     To reinstate DUARTE's employment at NGM/BARRICK or to another available position for which he qualifies at NGM/BARRICK, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendants, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. DUARTE herein seeks Injunctive relief, equitably determined by the Court at trial;

11.     For such other relief as the Court may deem just and proper; and

/ / /

/ / /

/ / /

/ / /

/ / /

12.   Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 1<u>st</u> Day of February 2021.          THE GEDDES LAW FIRM, P.C.

WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455
*Attorneys for Plaintiff Eric Duarte*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455