

```
__X__ FILED              _____ RECEIVED
_____ ENTERED            _____ SERVED ON
                         COUNSEL/PARTIES OF RECORD

         AUG 23, 2022

         CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____DEPUTY
```

WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com

*Attorneys for Plaintiff Eric Duarte*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIC DUARTE, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>NEVADA GOLD MINES, LLC, a foreign Limited-Liability Company; and BARRICK GOLD OF NORTH AMERICA, INC, a foreign corporation d.b.a. Nevada Gold Mines,<br><br>            Defendants. | CASE NO:  3:21-cv-00070-HDM-CSD<br><br>**ORDER GRANTING**<br>**STIPULATION AND ORDER**<br>**EXTENDING DISCOVERY**<br>**(Fifth Request)** |

Plaintiff Eric Duarte ("Plaintiff" or "Duarte") and Defendants Nevada Gold Mines, LLC ("NGM") and Barrick Gold of North America, Inc. ("BGNA") (collectively "Defendants"), by and through their respective counsel, hereby stipulate and agree that the discovery cut-off and related deadlines in this case be extended by 90 days, through and including **December 19, 2022**. Additional time is necessary to allow the parties to resolve certain discovery disputes that have arisen regarding written discovery responses, document production, and Rule 30(b)(6) witness notices—the resolution of which may require further document production—all of which needs to be accomplished prior to conducting depositions of witnesses.  As well, additional time is necessary, due to Defense Counsel's congested schedule and availability to conduct or attend such depositions.  As well, additional time is necessary to allow the parties to consider the possibility of conducting a settlement conference, after some depositions are taken, before the close of discovery.

This request is made in good faith and is not for the purpose of delay. The parties initially focused on trying to resolve this matter at the Early Neutral Evaluation ("ENE") conducted in mid-May 2021. Following the unsuccessful ENE, the undersigned defense counsel substituted into this case in late May 2021. Since that time the parties have engaged in extensive written discovery, and are attempting to resolve discovery disputes, with possible supplemental production, prior to scheduling depositions in this case. As well, Defendants have encountered difficulties in obtaining responses to subpoenaed documents from third parties, lengthening the time needed to conduct discovery. The Parties believe that once these third parties receive the releases counsel has agreed to, these issues will largely be resolved. This serves as good cause for the extension sought herein.

Pursuant to LR 26-4, the parties provide the following information to the Court in connection with their request for an extension of the discovery deadlines:

### A. Statement of Discovery that has been Completed

The parties have exchanged their initial disclosures of documents and witnesses. Additionally, Plaintiff has served seven supplemental disclosures, and Defendants have served three supplemental disclosures—all of which has resulted in the exchange and production of over 2250 pages of documents and identification of more than thirty (30) witnesses. Both parties have propounded numerous interrogatories and requests for production, and Plaintiff has propounded requests for admissions to Defendants. The parties have responded to most of those discovery requests, save for Plaintiff's second sets of Requests for Production of Documents to Defendants served on July 26, 2022. In connection with the written discovery, Defendants have sent out twenty subpoenas to third parties requesting relevant documents. The parties are in the process of scheduling four percipient-witness depositions and two Fed. R. Civ. P. 30(b)(6) depositions, but have encountered discovery disputes, scheduling difficulties, and delays in responses to third party subpoenas that have necessitated holding off on these depositions until these disputes are resolved and supplemental documents are produced or received.

### B. Description of the Discovery that Remains to be Completed

The parties expect to engage in further written discovery, to potentially resolve some current written discovery disputes, as well as to potentially reduce the topics for the, or obviate the need to take, Rule 30(b)(6) witness depositions. The parties have attempted to schedule the depositions of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

parties and fact witnesses. Both parties agree that an extension of the discovery cutoff date is necessary to enable the parties to hold in-person depositions, after the current discovery disputes are resolved and additional documents are produced or received. Specifically, the parties currently anticipate taking the depositions of: (1) Plaintiff Eric Duarte; (2) fact witness Lisa Chamberlain; (3) fact witness Sherry Murphy; and (4) fact witness Sandra Bell. Moreover, Plaintiff intends to depose Defendants (Rule 30(b)(6) witnesses), to the degree necessary after the fact witnesses are deposed. In this regard, the parties currently have discovery disputes concerning written discovery responses and document production, and also about the scope of topics set forth in the 30(b)(6) deposition notices. The parties have already met and conferred on the 30(b)(6) deposition-notice dispute, and they will continue to meet and confer on this matter, after the fact-witness depositions are taken. As well, the parties have scheduled a time to meet and confer regarding the written-discovery-responses/document-production dispute next week. Moreover, many witnesses are located in rural areas of Northern Nevada, which makes coordination of in-person depositions more challenging. The parties anticipate they may have to arrange for a court reporter and videographer to travel to Elko, Nevada and other areas (in addition to counsel traveling from Reno, Nevada). Finally, the parties wish to complete some of the depositions before the close of discovery, to evaluate whether a settlement dialog can go forward, in a more informed light than that conducted at the ENE conference.

### C. Reasons the Remaining Discovery was not Completed Within the Time Limits set by the Discovery Plan

Due to the complexity of the issues presented in this case (including the related business entities NGM and BGNA and records maintained by each of them affecting document production), the discovery disputes that have arisen, the number of witnesses identified by the parties, complications brought on by the global COVID-19 pandemic, and delays in obtaining documents responsive to third-party subpoenas, the parties have not been able to complete discovery as efficiently as initially planned. And the resolution of the discovery disputes and third-party-subpoena delays are anticipated to result in the production of additional documents, which will delay the timing of depositions. Finally, the parties wish to complete some of the depositions before the close of discovery, to evaluate whether a settlement dialog can go forward.

3

**D.    Proposed Schedule for Completing all Remaining Discovery**

1. *Discovery Cut-Off-Date*:

The current deadline to complete discovery is Monday, September 19, 2022. Under the 90-day extension requested here, the parties shall complete discovery **on or before Monday, December 19, 2022**[1];

2. *Amending the Pleadings and Adding Parties*:

The date for filing motions to amend the pleadings or to add parties has passed.

3. *Expert Disclosures*:

The date for disclosures required by FRCP 26(a)(2) concerning experts has passed. The date for disclosures regarding rebuttal experts has passed.

4. *Dispositive Motions*:

The Parties shall file dispositive motions not more than thirty (30) days after the discovery cut-off date and, therefore, **not later than Wednesday, January 18, 2023**.

5. *Pretrial Order*:

If no dispositive motions are filed, and unless otherwise ordered by this Court, FRCP 26(a)(3) disclosures shall be made, and the Joint Pretrial order shall be filed not more than thirty (30) days after the date set for filing dispositive motions, and therefore, not later than **Friday, February 17, 2023**. In the event dispositive motions are filed, the last day to file the Joint Pretrial order shall be suspended until thirty (30) days after the ruling on the dispositive motions.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The ninetieth (90th) day after September 19, 2022 (the current deadline to complete discovery) is Sunday December 18, 2022. By operation of Fed. R. Civ. P. 6, this deadline automatically extends to the next court day, Monday, December 19, 2022.

4

This stipulation is not made for any dilatory or improper purpose.

Dated this 4th day of August 2022.

SIMONS HALL JOHNSTON PC

*Electronic Signature Authorized*

By: /s/ Jonathon McGuire, Esq.
Anthony L. Hall, Esq.
Jonathan A. McGuire, Esq.
SIMONS HALL JOHNSTON PC
690 Sierra Rose Dr.
Reno, NV 89511
AHall@SHJNevada.com
JMcGuire@SHJNevada.com

*Attorneys for Defendants*

Dated: August 23, 2022

Dated this 4th day of August 2022.

THE GEDDES LAW FIRM, P.C.

WILLIAM J. GEDDES, ESQ.
Nevada Bar Number 6984
will@thegeddeslawfirm.com
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455

*Attorney for Plaintiff Eric Duarte*

**ORDER**

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

5